UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv61297

CANDICE PATTI,

    Plaintiff,

v.                                                                                   **COMPLAINT – CLASS ACTION**

CREDIT COUNSEL INC.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative classes, Plaintiff CANDICE PATTI ("Plaintiff"), seeks redress for the unlawful conduct of Defendant CREDIT COUNSEL INC. ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statute § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations of § 559.72(9) of the FCCPA, and § 1692g(a)(3), § 1692g(a)(4), § 1692g(b), and § 1692e of the FDCPA.

**INTRODUCTION**

1.    The FDCPA "is a consumer protection statute that imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. The FCCPA "is a Florida state analogue to the federal FDCPA, and both statutes are intended to eliminate abusive practices used by debt collectors." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *1 (M.D. Fla. Jan. 10, 2017) (*citing* 15 U.S.C. § 1692a(6) & Fla. Stat. § 579.72); *quoting* Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010)).

4. The Florida Legislature enacted the FCCPA to "further define[] and protect[] an individual's right of privacy." Fla. Stat. §559.552. The FCCPA operates to overlap and expand the FDCPA, and "any discrepancy between the [FDCPA and FCCPA] should be construed as to provide the consumer (or debtor) the greatest protection." Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (citing Fla. Stat. §559.552.)).

5. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to Florida consumers in an attempt to collect a debt, and in each such letter, Defendant: (1) failed to provide the least sophisticated consumer with mandatory disclosures and/or information in violation of § 1692g(a)(3) and g(a)(4) of the FDCPA; (2) overshadowed and/or wrongfully mislead the consumer as to the rights he or she enjoyed under § 1692g(a) in violation of § 1692g(b) and/or § 1692e; and (3) asserted the existence of a legal right that it knew did not exist in violation of § 559.72(9) of the FCCPA. Accordingly, Plaintiff, on behalf of the putative classes, seeks statutory damages under the FDCPA and FCCPA over the punitive class timeframes set forth herein.

## DEMAND FOR JURY TRIAL

6. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## JURISDICTION AND VENUE

7. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

8. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

9. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

10. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## PARTIES

11. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

12. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

13. Defendant is a Florida corporation, with its principal place of business located in Miami, Florida.

14. Defendant is a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

15. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

16.     At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

17.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

18.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

19.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

20.     On or about July 24, 2017, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

21.     Below is an excerpt taken directly from the Collection Letter:

> Unless you notify this office within 30 days after receiving this notice that dispute the validity of the debt or any proof thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from current creditor. This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.

*See* Exhibit A (emphasis in original).

22.     The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

23.     No correspondence and/or communication from Defendant to Plaintiff occurred during the five (5) days proceeding Plaintiff's receipt of the Collection Letter.

24. The Collection Letter does not contain "*a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt*, **or any portion thereof**, *the debt will be assumed to be valid by the debt collector.*" See 15 U.S.C. § 1692g(a)(3) (emphasis added).

25. The Collection Letter does not contain "*a statement that if the consumer notifies the debt collector in writing within the thirty-day period* **that the debt, or any portion thereof, is disputed**, *the debt collector will obtain verification* **of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector**." See 15 U.S.C. § 1692g(a)(4) (emphasis added).

26. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

27. This action is brought on behalf of the following class, *to wit*, the "**G-Notice Class**," the "**Overshow Class**," and the "**FCCPA Class**."

28. The "**G-Notice Class**" consists of:

> (i) all persons with Florida addresses (ii) who were mailed a letter (iii) between June 9, 2017 and June 9, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and said letter omitted the disclosures mandated by *either* 15 U.S.C. § 1692g(a)(3) or g(a)(4).

29. The "**Overshadow Class**" consists of:

> (i) all persons with Florida addresses (ii) who were mailed a letter (iii) between June 9, 2017 and June 9, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and in said letter, Defendant overshadows and/or

wrongfully misleads the least sophisticated consumer in violation of § 1692g(b) and § 1692e.

30. The "**FCCPA Class**" consists of:

> (i) all persons with Florida addresses (ii) who were mailed a collection letter (iii) from Defendant (iv) between June 9, 2016 and June 9, 2018 (v) that was an unlawful attempt to collect a debt (vi) in violation of Fla. Stat. § 559.72(9).

31. Plaintiff alleges on information and belief, the G-Notice Class, Overshadow Class and the FCCPA Class, is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to addresses in Florida attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

32. Common questions of law and fact exist as to each class, and predominate over any issues involving only individual class members.

33. With respect to the **G-Notice Class**:

(a) The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

(b) The *principal legal issue* of the class is whether Defendant violated either 15 U.S.C. § 1692g(a)(3) or § 1692g(a)(4) by failing to provide required disclosures.

34. With respect to the **Overshadow Class**:

(a) The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

  (b) The *principal legal issue* of the class is whether Defendant, by and through the language of the Collection Letter, overshadowed the rights and/or wrongfully mislead the least sophisticated consumer in violation of 15 U.S.C. § 1692g(b) and/or § 1692e.

35. With respect to the **FCCPA Class**:

  (a) The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

  (b) The *principal legal issue* for the class is whether Defendant, by misrepresenting the rights then enjoyed by the consumer and/or the obligations then owed by Defendant to said consumer, violated Fla. Stat. § 559.72(9) of the FCCPA.

36. Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

37. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

38. Plaintiff is an adequate representative of each of the classes.

39. Plaintiff will fairly and adequately protect the interests of the classes.

40. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, and consumer-based class actions. Neither Plaintiff nor

Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.   *PREDOMINANCE AND SUPERIORITY*

41. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692g(a)(3) & g(a)(4)**

43. On behalf of the G-Notice Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

44. Section 1692g(a) of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. Specifically, §1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

>(1) the amount of the debt;
>
>(2) the name of the creditor to whom the debt is owed;
>
>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

45. To satisfy the mandatory notice requirements of §1692g(a)(3)-(5), "[a] debt collector must ensure that notice of the right to dispute the debt is actually conveyed to the consumer, and that the notice is conveyed effectively, [whereby,] [t]he effectiveness of the notice is based on an objective standard of the manner in which a 'least sophisticated consumer' would interpret the notice." In re Martinez, 266 B.R. 523 (Bankr. S.D. Fla.).

46. As stated above, the collection letter received by class members represents a member's initial communication from Defendant in connection with the respective underlying debt, with no other communication being had by each member, from Defendant, in the five (5) days following the receipt of said initial communication, *i.e.*, the collection letter. As such, the collection letter received by class members must contain *all* the disclosures mandated by § 1692g, *to wit*, pursuant to § 1692g(a)(3), "*a statement that unless the consumer, within thirty days after*

Case 0:18-cv-61297-WPD   Document 1   Entered on FLSD Docket 06/09/2018   Page 10 of 15

*receipt of the notice, disputes the validity of the debt,* **or any portion thereof**, *the debt will be assumed to be valid by the debt collector,*" and pursuant to § 1692g(a)(4), "*a statement that if the consumer notifies the debt collector in writing within the thirty-day period* **that the debt, or any portion thereof, is disputed**, *the debt collector will obtain verification of the debt or* **a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector**." 15 U.S.C. § 1692g(a) (emphasis added).

47. With respect to the matter at hand, the collection letter does not adequately inform the consumer of the rights he or she enjoys under § 1692g(a)(3) and g(a)(4), let alone the nuances involved in exercising such rights, because the collection letter, *inter alia*, entirely omits mandatory disclosures and/or information that Defendant was otherwise required to provide.

48. Here, in the context of § 1692g(a)(3), the collection letter states: "[u]nless you notify this office within 30 days after receiving this notice that dispute [sic] the validity of the debt or any proof [sic] thereof, this office will assume this debt is valid. *See* Exhibit A. This language, however, falls utterly short of the information and/or disclosures required by § 1692g(a)(3) in two ways. First, it omits of the word "you" from the statement "*notice that* **you** *dispute*." Id. Second, it wrongfully injects the word "proof" into the disclosure which, not only obfuscates the fact that the least sophisticated consumer can dispute *any portion* of the underlying debt, but more critically, wrongfully causes the consumer to believe that he or she must substitute a dispute with "proof" to prevent Defendant from assuming the validify of the debt. *See* Carlin v. Davidson Fink LLP, 2017 WL 1160887 (2d Cir. Mar. 29, 2017) ("even if a debt collector accurately conveys the required information, a consumer may state a claim if she successfully alleges that the least sophisticated consumer would inaccurately interpret the message.").

Page **10** of **15**

49. Further, with respect to the disclosures required by § 1692g(a)(4), the following is the collection letter's meager disclosure: "[i]f you notify this office in writing within 30 days from receiving this notice, this office will obtain verification." *See* Exhibit A. Not only does such language, again, fail to mention that *any portion* of the debt can be disputed, but rather, it entierly fails to inform the least sophisticated consumer of the rights he or she enjoys under § 1692g(a)(4). No wherein the collection letter is the least sophisticated consumer informed that that "**a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector**" if the consumer disputes the debt in writing within 30-days of receiving the collection letter. 15 U.S.C. § 1692g(a)(4). *See* Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014) ("Merely including the information required under 15 U.S.C. § 1692g(a) is insufficient; the notice must be set forth in a form and written context that does not distort or obfuscate its meaning." (citing McMurray v. ProCollect, Inc., 687 F.3d 665, 668 (5th Cir.2012)); *see also* Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir.2000) (notice must be "conveyed effectively to the debtor").

50. Accordingly, the Collection Letter violates the FDCPA by failing to sufficiently inform the least sophisticated consumer of the rights and/or protections he or she enjoys under § 1692g(a)(3) and g(a)(4), as the information/disclosure proffered in the Collection Letter is devoid of entire swaths of mandatory information.

WHEREFORE, Plaintiff, individually and on behalf of the G-Notice Class request that the Court enter judgment in favor of Plaintiff and the G-Notice Class and against Defendant for:

(1)   Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)   Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(1) Such other or further relief as the Court deems proper. Such other or further relief as the Court deems proper.

## COUNT II.
## VIOLATION OF 15 U.S.C. § 1692g(b) & § 1692e

51. On behalf of the Overshadow Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

52. As required by § 1692g(b) of the FDCPA, the disclosures of § 1692g(a) "must not be overshadowed or contradicted by other messages from the debt collector. The analysis of whether the language of a communication is deceptive under the FDCPA is determined according to whether the 'least sophisticated consumer' would have been misled." Elliott v. GC Services, LP, 2011 WL 5975671, at *4 (M.D. Fla. Nov. 28, 2011) (citing Jeter, 760 F.2d 1168 at 1175).

53. As discussed in Count I, the collection letter received by class members must contain *all* the disclosures mandated by § 1692g, *to wit*, pursuant to § 1692g(a)(3), "*a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt,* **or any portion thereof***, the debt will be assumed to be valid by the debt collector*," and pursuant to § 1692g(a)(4), "*a statement that if the consumer notifies the debt collector in writing within the thirty-day period* **that the debt, or any portion thereof, is disputed***, the debt collector will obtain verification of the debt or* **a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector**." 15 U.S.C. § 1692g(a) (emphasis added).

54. With respect to the matter at hand, the Collection Letter states, in relevant part, the following:

> **Unless you notify this office within 30 days after receiving this notice that dispute [sic] the validity of the debt or any proof [sic] thereof, this office will assume this debt is valid. If you notify**

> **this office in writing within 30 days from receiving this notice, this office will obtain verification**.

*See* Exhibit A (emphasis added).

55. First, the statement "[i]f you notify this office in writing within 30 days from receiving this notice, this office will obtain verification," causes the least sophisticated consumer to believe that Defendant will merely "obtain verification" if "notified in writing." Id. Setting aside the erroneously nonspecific "notified in writing" prerequisite, such language causes the least sophisticated consumer to believe that documents obtained by Defendant "verification" are solely for the benefit of Defendant and/or not otherwise to be shared or provided to Plaintiff. Such a belief, however, is contrary to those rights which the least sophisticated consumer enjoys under § 1692g(a)(4). As such, the language "[i]f you notify this office in writing within 30 days from receiving this notice, this office will obtain verification," violates § 1692g(b) by unlawfully overshadowing the rights of § 1692g(a)(4).

56. Second, the language, "unless you notify this office within 30 days after receiving this notice that dispute [sic] the validity of the debt or any proof thereof, this office will assume this debt is valid," not only obfuscates the fact that the least sophisticated consumer can dispute *any portion* of the underlying debt, but more critically, wrongfully causes the consumer to believe that he or she must substitute a dispute with "proof" to prevent Defendant from assuming the validify of the debt. As such, by wrongfully misrepresenting to the least sophisticated consumer the rights he or she enjoys under § 1692g(a), Defendant, by and through the Collection Letter, made false, deceptive, or misleading representation in connection with the collection of any debt in violation of § 1692e of the FDCPA.

57. WHEREFORE, Plaintiff, individually and on behalf of the Overshadow Class, request that the Court enter judgment in favor of Plaintiff and the Overshadow Class and against Defendant for:

(3) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(4) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(5) Such other or further relief as the Court deems proper.

### COUNT III.
### VIOLATION OF FLA. STAT. § 559.72(9)

58. On behalf of the FCCPA Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

59. As stated above, the FCCPA was enacted to build upon the protections enjoyed by consumers under the FDCPA. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

60. Defendant, by asserting the consumer had to submit "proof" of a dispute and/or that "[i]f [the consumer was to] notify this office in writing within 30 days from receiving this notice, this office will obtain verification" violated Fla. Stat. § 559.72(9), as Defendant was asserting the existence of a legal right with knowledge that the right does not exist. *See* Martin v. Butler & Hosch, P.A., 2014 WL 3593622, at *4 (M.D. Fla. July 18, 2014) (finding that misrepresenting a consumer's rights under 15 U.S.C. § 1692g can constitute the assertion of a non-existent legal right

in violation of Fla. Stat. § 559.72(9)); <u>Narvaez v. Specialized Loan Servicing, LLC</u>, 2015 WL 1810734, at *4 (M.D. Fla. Apr. 20, 2015).

WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, request the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(1) Statutory damages, as provided under Fla. Stat. § 559.77(2) of the FCCPA;

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(3) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(4) Such other or further relief as the Court deems proper.

DATED: June 9, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                      .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540