THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:18-cv-61297

| | |
|---|---|
| CANDICE PATTI, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CREDIT COUNSEL INC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Credit Counsel Inc. ("CCI"), by and through its attorney and for its Answer and Affirmative Defenses to the Complaint ("Complaint") of Candice Patti ("Plaintiff"), in the above-entitled matter. CCI denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

### **RESPONSE TO INTRODUCTION**

1. Responding to Paragraph 1, Plaintiff does not make any allegations against CCI to which CCI is required to respond. To the extent CCI is required to respond, CCI refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

2. Responding to Paragraph 2, Plaintiff does not make any allegations against CCI to which CCI is required to respond. To the extent CCI is required to respond, CCI refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

3. Responding to Paragraph 3, Plaintiff does not make any allegations against CCI to which CCI is required to respond. To the extent CCI is required to respond, CCI refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

4. Responding to Paragraph 4, Plaintiff does not make any allegations against CCI to which CCI is required to respond. To the extent CCI is required to respond, CCI refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

5. Responding to Paragraph 5, CCI admits Plaintiff, on behalf of the putative class, alleges to seek statutory damages under the FDCPA and FCCPA over the putative class timeframe. CCI denies it engaged in any activities in violation of the FDCPA, FCCPA, or any other law.

6. Admitted that Plaintiff seeks a trial by jury.

## RESPONSE TO JURISDICTION AND VENUE

7. Responding to Paragraph 6, CCI admits the cited statutes provide statutory jurisdiction. Notwithstanding this admission regarding jurisdiction provided by the cited statutory provisions, CCI denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff has Article III standing in this case.

8. Responding to Paragraph 7, CCI admits the cited statutes provide statutory jurisdiction. Notwithstanding this admission regarding jurisdiction provided by the cited statutory provisions, CCI denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff has article III standing in this case.

9. Responding to Paragraph 9, CCI admits the cited statutory authority grants supplemental jurisdiction to Plaintiff for her FCCPA claims. Notwithstanding Plaintiff's allegations, CCI denies all liability associated with the allegations set forth in the Complaint.

10. Responding to Paragraph 10, CCI admits it transacts business in this venue and that Plaintiff alleges the conduct occurred within this venue. CCI lacks knowledge or information sufficient to admit or deny all remaining allegations; therefore, CCI denies the same and demands

strict proof thereof. CCI specifically denies all liability associated with the allegations set forth in the Complaint.

## RESPONSE TO PARTIES

11. Responding to Paragraph 12, CCI lacks knowledge or information sufficient to admit or deny the allegations, denies the same, and demands strict proof thereof.

12. Responding to Paragraph 13, CCI lacks knowledge or information sufficient to admit or deny the allegations, denies the same, and demands strict proof thereof.

13. Responding to Paragraph 14, admitted.

14. This paragraph sets forth legal conclusions and questions of law to which no response is required.

15. This paragraph sets forth legal conclusions and questions of law to which no response is required.

16. This paragraph sets forth legal conclusions and questions of law to which no response is required.

## RESPONSE TO FACTUAL ALLEGATIONS

17. This paragraph sets forth legal conclusions and questions of law to which no response is required.

18. This paragraph sets forth legal conclusions and questions of law to which no response is required.

19. This paragraph sets forth legal conclusions and questions of law to which no response is required.

20. Admitted that Exhibit "A" speaks for itself; otherwise, this paragraph sets forth legal conclusions and questions of law to which no response is required.

21. Admitted that Exhibit "A" speaks for itself; otherwise, this paragraph sets forth legal conclusions and questions of law to which no response is required.

22. Admitted that Exhibit "A" speaks for itself; otherwise, this paragraph sets forth legal conclusions and questions of law to which no response is required.

23. Admitted that Exhibit "A" speaks for itself; otherwise, this paragraph sets forth legal conclusions and questions of law to which no response is required.

24. Admitted that Exhibit "A" speaks for itself; otherwise, this paragraph sets forth legal conclusions and questions of law to which no response is required.

25. Admitted that Exhibit "A" speaks for itself; otherwise, this paragraph sets forth legal conclusions and questions of law to which no response is required.

26. This paragraph sets forth legal conclusions and questions of law to which no response is required.

## RESPONSE TO CLASS ACTION ALLEGATIONS

27. CCI admits Plaintiff brings this action on behalf of a class; however, CCI denies any such class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28. Responding to Paragraph 28, CCI admits that Plaintiff attempts to define a putative class, denies that such class should be certified pursuant to Rule 23 and denies any and all remaining allegations.

29. Responding to Paragraph 29, CCI specifically denies that a class should be certified pursuant to Rule 23. CCI further denies any remaining allegations.

30. Responding to Paragraph 30, CCI specifically denies that a class should be certified pursuant to Rule 23. CCI further denies any remaining allegations.

31. Responding to Paragraph 31 CCI specifically denies any allegations.

## *RESPONSE TO EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

32. CCI denies Paragraph 32. CCI specifically denies that a class should be certified pursuant to Rule 23.

33. CCI denies Paragraph 33, including each and every subpart. CCI specifically denies that a class should be certified pursuant to Rule 23.

34. Responding to Paragraph 34, CCI admits Plaintiff attempts to carve out certain individuals from the proposed class definition. However, CCI specifically denies that a class should be certified pursuant to Rule 23.

35. Responding to Paragraph 35, CCI admits Plaintiff attempts to carve out certain individuals from the proposed class definition. However, CCI specifically denies that a class should be certified pursuant to Rule 23.

36. Responding to Paragraph 36, CCI admits Plaintiff attempts to carve out certain individuals from the proposed class definition. However, CCI specifically denies that a class should be certified pursuant to Rule 23.

## *RESPONSE TO TYPICALITY*

37. CCI denies Paragraph 37. CCI specifically denies that a class should be certified pursuant to Rule 23.

## *RESPONSE TO ADEQUACY*

38. CCI denies Paragraph 38. CCI specifically denies that a class should be certified pursuant to Rule 23.

39. CCI denies Paragraph 39. CCI specifically denies that a class should be certified pursuant to Rule 23.

40. CCI denies Paragraph 40. CCI specifically denies that a class should be certified pursuant to Rule 23.

### *RESPONSE TO PREDOMINANCE AND SUPERIORITY*

41. CCI denies Paragraph 41, including each and every subpart. CCI specifically denies that a class should be certified pursuant to Rule 23.

42. CCI denies Paragraph 42. CCI specifically denies that a class should be certified pursuant to Rule 23.

### **RESPONSE TO COUNT I**

43. CCI restates and alleges the above responses as though fully set forth herein.

44. CCI denies and demands strict proof thereof.

45. CCI denies and demands strict proof thereof.

46. CCI denies and demands strict proof thereof.

47. CCI denies and demands strict proof thereof.

48. CCI denies and demands strict proof thereof.

49. CCI denies and demands strict proof thereof.

50. CCI denies and demands strict proof thereof.

### **RESPONSE TO COUNT II**

51. CCI restates and alleges the above responses as though fully set forth herein.

52. CCI denies and demands strict proof thereof.

53. CCI denies and demands strict proof thereof.

54. CCI denies and demands strict proof thereof.

55. CCI denies and demands strict proof thereof.

56. CCI denies and demands strict proof thereof.

57. CCI denies and demands strict proof thereof.

## RESPONSE TO COUNT III

58. CCI restates and alleges the above responses as though fully set forth herein.

59. CCI denies and demands strict proof thereof.

60. CCI denies and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has not incurred an injury in fact; therefore, Plaintiff does not have standing under Article III of the United States Constitution to bring the instant claims.

### SECOND DEFENSE

Defendant asserts that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of state or federal law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place designed to prevent such errors.

This the 12th day of July, 2018.

Respectfully submitted by:

/s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
cmchale@gsgfirm.com
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555